Bullakd, J.
delivered the opinion of the court.
This is an appeal from a judgment of the district court discharging a rule to show cause, why the attachment issued in the case should not he set aside on two grounds: 1st. That the plaintiffs had failed to furnish good and solvent security on the attachment bond filed in the canse as the law requires. 2d. That the person acting as agent has~no good and sufficient authority as such.
The amount of the bond required by the order of the judge, when directing the attachment to issue was three hundred thousand dollars; and *266 it is denied that Mrs. Kirkman and George A. Pynchon, the sureties, are worth that amount,' and consequently are not the good and solvent sureties required by our attachment laws. The court below considered that-although the sureties were not strictly sufficient for the whole amount of the bond, ygt as their suretyship was sufficient to cover the property actually attached which was only $100,000, the attachment ought to be maintained to that extent — which was ordered accordingly, and the defendant appealed.
It has always been held by this court, that when resort is had to the extraordinary remedy by attachment, which commences by seizing the property of the debtor, all the prerequisites of the law must be strictly complied with. The only inquiry therefore is, whether the bond in this case be such in amount and secured by solvent persons as the law requires. Code of Practice, art. 245, requires of the creditor to annex to his petition bis obligation in favor of the defendant for a sum exceeding by one half that which he claims, with the surety of one good and solvent person residing within the [438] jurisdiction.of the court. The standard by which the amount of the bond is to be measured is the amount of the debt sworn to, because it is to that amount the property of the debtor may be attached — a smaller bond can in no case be taken, and it is only on giving such a bond that the writ can legally issue. But to what amount must the surety be solvent ? This question is answered by art. '3011, of the Louisiana Code, which declares that a debtor obliged to furnish security must offer a person able to contract, of property sufficient to answer for the amount of the obligation, and whose domicil is in the jurisdiction of the court where it is given. By the obligation must be meant the principal obligation, and the liability of the surety must be coextensivo therewith. By the bond now in question, there is no doubt the sureties obliged themselves for the full amount of the bond, to the extent of the obligation of the principal, and the question is do they possess sufficient property to make good that liability ? The moment wo lose sight of this standard we are without any whatever. If we were to adopt the reasoning of the district judge, it would make the amount and sufficiency of the bond, to depend not’ upon the debt demanded, but upon tho value of the effects, rights or credits which might be found by the sheriff, in executing the writ — and as it might make the obligation of the surety less extensive than that of the principal; for the amount of the bond must be clearly that required by law. The judge without knowing beforehand what property would be attached, could never ascertain before ordering the attachment to what amount solvent security should be required.
The argument drawn from the practice of justification of bail at common law, has but little weight with us, because in relation to attachment bonds they are required to be for a particular amount, and solvent sureties as a condition precedent to the issuing of the attachment, whereas the case is wholly different with bail in oases of arrest on mesne process.
[439] We concur with the court in its conclusion, upon the matter of fact, that the security is not sufficient for the full amount of the bond, but we think it must be treated as null and that the attachment must be set aside, whether a suit may hereafter be maintained upon it against the sureties by *267 the defendant, hy whom it has been reported as insufficient as is apprehended by his counsel, cannot be inquired.into at this time. It will be time to investigate that question when the proper parties are before us.
The second ground, to wit, that the agent had not any authority to act, appears to' have been abandoned.
There appears to have been a personal service of citation on the defendant as in ordinary cases, and consequently, the case must be remanded for further proceedings. *
It is, therefore, adjudged and decreed, that the judgment of the district court be reversed, that the rule to show cause why the attachment should not be set aside be made absolute, and that the case be remanded for further proceedings according to law, the plaintiffs and appellees paying the costs of this appeal.